## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ARMSTRONG TEASDALE, LLP,

      Plaintiff,

v.

VISUAL TECHNOLOGY
INNOVATIONS, INC. and VISUAL
SEMICONDUCTOR, INC.,

      Defendants.

Case No. 4:26-cv-00105

**Jury Trial Demanded**

### DEFENDANTS' ANSWER AND DEFENSES TO THE PLAINTIFF'S COMPLAINT

COME NOW DEFENDANTS Visual Technology Innovations, Inc. and Visual Semiconductors, Inc. (collectively, the "Defendants"), by and through counsel, and respectfully submit their Answers and Defenses to the Complaint filed by Plaintiff Armstrong Teasdale, LLP.

**COMPLAINT NO. 1:**

**Plaintiff is, and at all times herein mentioned was, a Missouri limited liability partnership, duly organized under Missouri law, with its principal place of business at 7700 Forsyth Boulevard, St. Louis, Missouri 63105.**

**ANSWER NO. 1:**

Admitted.

**COMPLAINT NO. 2:**

**Defendant Visual Technology Innovations, Inc., ("VTI"), is a Nevada corporation which may be served through its registered agent at the address set forth in the caption hereto.**

**ANSWER NO. 2:**

Admitted.

**COMPLAINT NO. 3:**

**Defendant Visual Semiconductor, Inc., ("VSI") is a Wyoming corporation which may be served through its registered agent at the address set forth in the caption above.**

**ANSWER NO. 3:**

Admitted.

**COMPLAINT NO. 4:**

**Defendant VTI and Defendant VSI may collectively be referred to as "Defendants".**

**ANSWER NO. 4:**

Admitted.

**COMPLAINT NO. 5:**

**The partners of Armstrong Teasdale, LLP are citizens of Missouri, Illinois, Kansas, Colorado, Florida, Georgia, District of Columbia, New York, Pennsylvania, and New Jersey as fully disclosed in Plaintiff's Disclosure Statement.**

**ANSWER NO. 5:**

Denied based on lack of sufficient knowledge and information. ("DNK Denied"). Plaintiff is required to identify in its Complaint all parties and their states of citizenship or domicile, as required by Fed. R. Civ. P. 8(a)(1).

**COMPLAINT NO. 6:**

**No partners of Armstrong Teasdale, LLP are citizens of Nevada or Wyoming.**

**ANSWER NO. 6:**

DNK Denied. Plaintiff failed to identify as required in its Complaint all partners and their states of citizenship or domicile, as required by Fed. R. Civ. P. 8(a)(1).

**COMPLAINT NO. 7:**

**This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332 (a) (1) because the amount in controversy exceeds $75,000.00 and is between citizens of different States as defined in 28 U.S.C. §1332 (e).**

**ANSWER NO. 7:**

2

DNK Denied. Plaintiff is required <u>in its Complaint</u> to identify all partners and their states of citizenship or domicile. Plaintiff also has failed to identify the Defendants' principal places of business or the identities of Plaintiff's partners, as required by Fed. R. Civ. P. 8(a)(1).

**COMPLAINT NO. 8:**

**This Court has jurisdiction of the Defendants because they transacted business in Missouri with Plaintiff as well as other entities in the course of their business. Furthermore, a substantial portion of the legal services that are the subject of this lawsuit were provided from and conducted in St. Louis County, Missouri.**

**ANSWER NO. 8:**

DNK Denied. All work contracted by VTI from Armstrong Teasdale was requested and delivered electronically. All or the vast majority of the work performed by Plaintiff was actually performed in Delaware. There is no forum-selection clause or provision in the retainer agreement. The prior litigation in which Plaintiff/AT represented VTI was all performed in Delaware. Bills were sent from Pennsylvania and paid to Pennsylvania.

**COMPLAINT NO. 9:**

**Venue is proper because services and transactions that are the subject of this lawsuit were provided from and conducted in St Louis County, Missouri.**

**ANSWER NO. 9:**

DNK Denied. All work contracted by VTI from Armstrong Teasdale was requested and delivered electronically. All or the vast majority of the Plaintiff's work was actually performed in Delaware. There is no forum-selection clause in the retainer agreement.

**COMPLAINT NO. 10:**

**Upon information and belief and according to public filings, Mathu Rajan founded and is the sole officer, director, and shareholder of Defendant VTI.**

**ANSWER NO. 10:**

Admitted.

3

**COMPLAINT NO. 11:**

**Upon information and belief and according to public filings, Mathu Rajan is also the founder and Chief Executive Officer of Defendant VSI, which is VTI's only funding source.**

**ANSWER NO. 11:**

Admitted only that defendant Mathu Rajan is founder and CEO of VSI.  Denied that VSI is VTI's only funding source. Otherwise, denied.

**COMPLAINT NO. 12:**

**Defendants are technology companies focusing on 3D display technology.**

**ANSWER NO. 12:**

Admitted in part, denied in part. Admitted that VTI is focused on 3D display technology. Denied that VSI is focused only on 3D display technology.  It is also developing hologram technology. Otherwise, denied.

**COMPLAINT NO. 13:**

**The financial interests of Defendants are interconnected and inseparable from one other.**

**ANSWER NO. 13:**

Denied. The companies have separate financial interests.

**COMPLAINT NO. 14:**

**On March 12, 2021, Armstrong Teasdale, LLP, and VTI entered a legal services agreement ("Agreement") in which VTI requested Armstrong Teasdale, LLP, provide legal services. A copy of the Agreement is attached as Exhibit "A"**

**ANSWER NO. 14:**

Admitted.

**COMPLAINT NO. 15:**

**Between March 12, 2021, and June 30, 2022, Armstrong Teasdale, LLP, provided the services contemplated under the Agreement.**

4

**ANSWER NO. 15:**

Denied.

**COMPLAINT NO. 16:**

**The scope of the services Armstrong Teasdale, LLP, provided involved challenging a creditor's foreclosure of VTI's assets, pursuing the ownership and control of a related entity, and serving as VTI's counsel in multiple bankruptcy proceedings in which VTI was a creditor.**

**ANSWER NO. 16:**

Denied.

**COMPLAINT NO. 17:**

**The charges for the complex legal services Armstrong Teasdale, LLP, provided were reasonable.**

**ANSWER NO. 17:**

DNK Denied.

**COMPLAINT NO. 18:**

**Despite providing the legal services requested and demanding payment, Defendants have failed to pay Plaintiff.**

**ANSWER NO. 18:**

Denied. Partial payment was made by VTI to Plaintiff, as admitted by Plaintiff in Paragraph 19 to its Complaint. Admitted only that VTI has not paid all amounts requested or demanded by Plaintiff. Otherwise, denied.

**COMPLAINT NO. 19:**

**Plaintiff provided $1,941,218.61 worth of legal services to Defendants; only one partial payment of $65,770.00 was made.**

**ANSWER NO. 19:**

DNK Denied as to the value of the legal services provided. Otherwise, denied. Answering further, VTI made payments of $100,000.00 on March 15, 2021 and $50,000.00 on March 23, 2021.

**COMPLAINT NO. 20:**

**As of January 1, 2026, the amount due to Plaintiff for legal services rendered is $1,875,448.61, plus $1,002,314.48 in interest. A copy of the Statement of Account showing the past due amounts is attached a as Exhibit "B" and incorporated herein by reference.**

**ANSWER NO. 20:**

Admitted only that Paragraph 20 correctly summarizes the amount of Plaintiff's invoices prior to payments. Otherwise, denied.

**COMPLAINT NO. 21:**

**Plaintiff restates paragraphs 1-20 for its paragraph 21.**

**ANSWER NO. 21:**

Defendants incorporate by reference their answers to all prior paragraphs to Plaintiff's Complaint. Otherwise, denied.

**COMPLAINT NO. 22:**

**Defendant VSI has failed to pay Plaintiff for all the legal services Plaintiff provided and Defendant requested and accepted.**

**ANSWER NO. 22:**

Admitted only that Plaintiff has not been paid in full. Denied that VSI requested and accepted Plaintiff's services, had any contract with Plaintiff, or has or had any obligation to pay Plaintiff. Otherwise, denied.

**COMPLAINT NO. 23:**

**As a result of Defendant's failure to pay under the terms of the Agreement, Plaintiff has been damaged in the amount of $2,877,763.09 through January 1, 2026, exclusive of attorney's fees and costs.**

6

**ANSWER NO. 23:**

Admitted only that Plaintiff has not been paid in full for all amounts billed by Plaintiff.

Denied that VSI requested and accepted Plaintiff's services, had any contract with Plaintiff, or has

or had any obligation to pay Plaintiff. Otherwise, denied.

**COMPLAINT NO. 24:**

**Plaintiff has incurred and will continue to incur attorney's fees and costs of collection as incidental damages.**

**ANSWER NO. 24:**

Admitted only that Plaintiff has not been paid in full for all amounts billed by Plaintiff.

Denied that VSI requested and accepted Plaintiff's services, had any contract with Plaintiff, or has

or had any obligation to pay Plaintiff. Otherwise, denied.

**WHEREFORE,**

**Plaintiff prays for judgment in its favor and against the Defendant VTI as to Count I, for its reasonable attorney's fees, for its costs incurred herein, with interest accruing, and for such other and further relief as the Court may deem and just and proper in the premises.**

**ANSWER:**

Admitted only that Plaintiff seeks the requested relief. Denied that Plaintiff is entitled to

the requested relief or any other relief.

**COMPLAINT NO. 25:**

**Plaintiff restates paragraphs 1-24 for its paragraph 25.**

**ANSWER NO. 25:**

Defendants incorporate by reference their answers to all prior paragraphs to Plaintiff's

Complaint. Otherwise, denied.

**COMPLAINT NO. 26:**

7

**The legal services Plaintiff provided conferred a benefit on Defendant VSI because of its relationship to VTI.**

**ANSWER NO 26:**

Denied.

**COMPLAINT NO. 27:**

**VSI appreciated the benefit of Plaintiffs legal services.**

**ANSWER NO. 27:**

Denied.

**COMPLAINT NO. 28:**

**It is inequitable for VSI to not reimburse Plaintiff for the legal services it appreciated and from which it benefited.**

**ANSWER NO. 28:**

Denied.

**COMPLAINT NO. 29:**

**Plaintiff is entitled to payment of $2,877,763.09 for the benefit it conferred on VSI.**

**ANSWER NO. 29:**

Denied.

**WHEREFORE,**

**Plaintiff prays for judgment in its favor and against the Defendant VTI as to Count I, for its reasonable attorney's fees, for its costs incurred herein, with interest accruing, and for such other and further relief as the Court may deem and just and proper in the premises.**

**ANSWER:**

Admitted only that Plaintiff seeks the requested relief. Denied that Plaintiff is entitled to the requested relief or any other relief. Otherwise, denied.

## JURY DEMAND

Defendants demand a trial jury on all claims, defenses, demands, denials, and other issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Lack of Personal Jurisdiction: This court lacks personal jurisdiction over Defendants. Defendants lack sufficient minimum contacts with Missouri to support permitting this court exercising in personam jurisdiction over Defendants consistent with due process. None of the litigation where Plaintiff represented VTI was in Missouri. VTI and VSI did not request any services that were provided by Plaintiff in Missouri. Defendants believe that all or the vast majority of the services provided by AT for VTI were performed by attorneys in Delaware. Plaintiff's bills were sent from Pennsylvania and paid to Pennsylvania.

2.      Improper Venue: Venue in this court is improper because Defendants lack minimum contacts with the State of Missouri relevant to the facts and issues relevant to this lawsuit.

3.      Failure to State a Claim: Plaintiff's Complaint fails to state a claim upon which relief can be made as to VSI. It fails to allege that VSI is either the alter ego or successor in interest to VTI.

4.      Express Contract Bar: The pleading and existence of an express contract between Plaintiff and VTI bars Plaintiff's implied contract claims against VTI and VSI.

5.      Statutes of Limitation and Repose: Plaintiff's claims are or may be barred by the relevant Statutes of Limitation and Repose.

6.      Inaccurate Billing: The bills and invoices submitted by Plaintiff may be inaccurate and overstated, constituting over-charging.

7.      Lack of  Privity: There is no privity of contract between Plaintiff and VSI, there was no relationship between them, and VSI did not request or receive any services provided by Plaintiff, especially not in Missouri.

8.      Failure to Plead Subject Matter Jurisdiction: Plaintiff has failed to adequately or sufficiently plead subject matter jurisdiction. Plaintiff has not identified in its Complaint the identities and domiciliaries of all of its partners, nor the Defendants' principal places of business.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants demand trial by jury on all claims, defenses, allegations, denials and other

issues so triable.

Respectfully Submitted This 19th Day of March, 2026:

VISUAL TECHNOLOGY INNOVATIONS, INC.
VISUAL SEMICONDUCTOR, INC.

By: /s/ *John J. Charron*
         Counsel

John J. Charron
Charron Law Firm
313 N Rock Hill Rd,
Webster Groves, MO 63119
Phone: (314) 817-4588
Email: john.charron@charronlaw.com
*Local Counsel for Defendants*

By: /s/ *Michael C. Whitticar*
         Counsel

Michael C. Whitticar (V.S.B. No. 32968)
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Phone: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Virginia Counsel for Defendants*
*Pro Hac Vice* Planned

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 19th Day of March, 2026, the foregoing Answer and

Defenses to Plaintiff's Complaint was filed with the Court's electronic filing system and served

on the following counsel of record by email:

Amy Tucker Ryan, #49047MO
atryan@atllp.com
7700 Forsyth Blvd, Ste. 1800
St. Louis, Missouri 63105
Phone: (314) 621-5070
Fax: (314) 621-5065
*Attorney for Plaintiff*

/s/ *John J. Charron*
John J. Charron
