UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARMSTRONG TEASDALE, LLP,                )
                                        )
              Plaintiff,                )
                                        )
vs.                                     )
                                        )    Case Number: 4:26-cv-00105-JAR
VISUAL TECHNOLOGY INNOVATIONS,          )
INC., and VISUSAL SEMICONDUCTOR,        )
INC.,                                   )
                                        )
              Defendants.               )

## JOINT PROPOSED SCHEDULING PLAN

Plaintiff Armstrong Teasdale, LLP, and Defendants Visual Technology Innovations, Inc., and Visual Semiconductor, Inc., by and through undersigned counsel, have conferred and prepared the following proposed Joint Scheduling Plan:

1.     Case Management Track Assignment. The parties believe it is appropriate to assign this case to **Track 2 (Standard).**

2.     Joinder and Amendments.  Any motion to join other parties or to amend the pleadings will be filed no later than **May 4, 2026**, unless otherwise authorized by the Federal Rules of Civil Procedure.

3.     Initial Disclosures.  Initial disclosures under Fed. R. Civ. P. 26 will be made no later than **May 4, 2026**.

4.     Discovery.

i.     The parties do not anticipate discovery of electronically stored information other than emails, email attachments, and documents that are stored locally on servers, computers, portable drives and the like, which are easily accessible for searching.  However, the parties will meet and confer regarding additional sources of electronically stored information, if

1

necessary.  The parties do not anticipate the need to access or review back-up tapes or other long-term storage media.  The parties will meet and confer regarding the most efficient manner for production of any electronically stored information once the volume of such information is known.

ii.    Discovery should <u>not</u> be conducted in phases or be limited to certain issues.

iii.    The party bearing the burden of proof on an issue shall disclose its expert witnesses and their corresponding reports pursuant to Fed. R. Civ. P. 26(a)(2) as follows:

- Plaintiffs shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) on or before **July 20, 2026**.  Plaintiffs shall make expert witnesses available for deposition by **August 17, 2026**.

- Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) on or before **September 10, 2026**.  Defendant shall make expert witnesses available for deposition by **October 1, 2026**.

- Plaintiff shall disclose all rebuttal expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) on or before **November 2, 2026**.  Plaintiffs shall make expert witnesses available for deposition by **November 20, 2026**.

iv.    The presumptive limits of 10 depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and 25 interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply in this case.

v.    The parties do not anticipate any physical or mental examinations under Fed. R. Civ. P. 35 shall be requested. However, any such examinations shall be requested by **August 21, 2026** and completed by **September 28, 2026**.

vi.    All discovery will be completed no later than **November 20, 2026**. This will include discovery of any electronically stored information. Any written interrogatories or requests for production must be served by a date that allows the served party the full thirty (30)

days provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery completion deadline.

5.  Electronically-Stored Information.  The parties agree all electronically-stored information ("ESI"), including emails, will be produced as static PDF files with consecutive, non-duplicative Bates numbers affixed. This includes excel documents. However, the parties agree to meet and confer on the appropriate format of production depending on the volume of ESI to be produced.

6.  Consistent with Fed. R. Civ. P. 34(b)(2)(E)(iii), the parties presumptively need not produce the same ESI in more than one form. However, should any party believe it appropriate to obtain a document in native format to review metadata, the party will designate the specific pages or documents for which a native format file is sought and the reasonable basis therefore (e.g., when the original creation date of a document is at issue, when a static image is not reasonably usable, or when a PDF file is unable to display all information contained in a spreadsheet such as an Excel file). The parties will make reasonable efforts to coordinate production of the document in native format where reasonable, and court intervention will be sought only if the parties cannot so coordinate.

7.  To expedite and facilitate the production of electronic and hard copy data, information, and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials, the parties agree the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

3

8.      <u>Handling of Privileged and Confidential Information</u>. All issues concerning privilege or work-product will be raised in objections to discovery. The parties will make all reasonable efforts to resolve such disputes. If the parties make an inadvertent disclosure of privileged information, claw-back of such information will be made pursuant to Rule 26(b)(5), and inadvertently disclosed privileged material will not be deemed a waiver of the privilege.

9.      <u>Dispositive Motions</u>.   All dispositive motions will be filed no later than **December 4, 2026.**

10.     <u>Trial</u>.  The parties agree this case can be expected to be ready for a **jury** trial on **October 4, 2027**, and is expected to last 3 days.

11.     <u>Referral for Mediation</u>.  The parties anticipate that mediation may be helpful after initial settlement discussions have occurred. Therefore, the parties propose a referral to mediation would be most productive after **September 4, 2026**.

ARMSTRONG TEASDALE LLP
By: */s/ Amy Tucker Ryan*
    Amy Tucker Ryan, #49047
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (Facsimile)
    atryan@atllp.com
ATTORNEYS FOR PLAINTIFF


VISUAL TECHNOLOGY INNOVATIONS, INC.
VISUAL SEMICONDUCTOR, INC.

By: /s/ *Michael C. Whitticar*
Michael C. Whitticar (V.S.B. No. 32968)
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Phone: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Virginia Counsel for Defendants*
*Pro Hac Vice*


## Certificate of Service

    I hereby certify that a true copy of the foregoing was served by electronic notice on all parties on April 3, 2026.

                   /s/ *Amy Tucker Ryan*